1  Scott P. DeVries (State Bar No. 88221)
2  sdevries@HuntonAK.com
   **HUNTON ANDREWS KURTH LLP**
3  50 California Street, Suite 1700
4  San Francisco, California 94111
   Telephone: 415 • 975 • 3700
5  Facsimile: 415 • 975 • 3701

6

7  Phillip J. Eskenazi (State Bar No. 158976)
   peskenazi@HuntonAK.com
8  **HUNTON ANDREWS KURTH LLP**
9  550 South Hope Street, Suite 2000
   Los Angeles, California 90071
10 Telephone: 213 • 532 • 2000
   Facsimile: 213 • 532 • 2020
11
12 [Additional Counsel Listed on Signature Page]

13 Attorneys for Plaintiff/Counter-Defendant
14 BOARDRIDERS, INC.

15             **UNITED STATES DISTRICT COURT**

16             **CENTRAL DISTRICT OF CALIFORNIA**

17                  **SOUTHERN DIVISION**

18

19

20 BOARDRIDERS, INC.                    Case No.:  8:21-cv-01260 JLS-JDE

21          Plaintiff/Counter-Defendant,   **PLAINTIFF/COUNTER-DEFENDANT**
22                                          **BOARDRIDERS, INC.'S NOTICE OF**
                                            **MOTION AND MEMORANDUM OF**
23      v.                                  **POINTS AND AUTHORITIES IN**
                                            **SUPPORT OF MOTION TO STRIKE**
24

25 GREAT AMERICAN INSURANCE
   COMPANY                                  Date:    TBD
26                                          Time:    TBD
27          Defendant/Counter-             Ctrm.:   10A
           Claimant.                        Judge:   Hon. Josephine L. Staton
28                                          Complaint Filed:   July 26, 2021

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

1

2

3

4

5

6

7

8

9

10

11

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a time and date to be determined by the Court, this matter may be heard in Courtroom 10A of the above-titled Court, located at 411 West Fourth Street, Santa Ana, CA 92701, Plaintiff/Counter-Defendant Boardriders, Inc. ("Boardriders") will and hereby does move for an Order striking Defendant/Counter-Claimant Great American Insurance Company's ("GAIC") Paragraph Nos. 1, 22, 37-41, 47, 59, 69, 72, 79, and 92 in GAIC's Answer (ECF No. 23); Affirmative Defense Nos. 1-8, 11-25, and 27-31 in GAIC's Answer (ECF No. 23), all footnotes in GAIC's Counterclaim (ECF No. 23), and GAIC's exhibits to its Counterclaim (ECF Nos. 23-1, 23-2, 23-3).

Boardriders makes this Motion under Fed. R. Civ. P. 12(f) and requests:

(1) The Court strike Affirmative Defense Nos. 1-8, 11-25, and 27-31 because: (a) they are not affirmative defenses at all; (b) fail to meet the "fair notice" pleading standard; and/or (c) are redundant, immaterial or impertinent;

(2) The Court strike the prayer for relief following GAIC's Affirmative Defenses because it is redundant and improperly requests relief;

(3) The Court strike GAIC's footnotes and exhibits because they contain information immaterial or impertinent to this insurance coverage dispute and violate Fed. R. Civ. P. 10(b) and 8(a)(2) by pleading evidence; and

(4) The Court strike material in GAIC's Answer because rather than only admitting or denying, GAIC makes new allegations, violating Fed. R. Civ. P. 8(b).

This motion is based upon Fed. R. Civ. P. 12(f), this Notice, the Memorandum of Points and Authorities herein, and the Court's file in this action, and such other evidence and argument as may be presented at or before the hearing on this Motion.

This motion is made following a telephone conference of counsel pursuant to Local Rule 7.3, which took place on October 11, 2021.

1

1 Dated: October 18, 2021

2

                  HUNTON ANDREWS KURTH LLP

By: _/s/ *Scott P. Devries*_

Scott P. DeVries
(State Bar No. 88221)
50 California Street, Suite 1700
San Francisco, California 94111
Telephone: 415 • 975 • 3700
Facsimile: 415 • 975 • 3701
sdevries@HuntonAK.com

Phillip J. Eskenazi
(State Bar No. 158976)
550 South Hope Street, Suite 2000
Los Angeles, California 90071
Telephone: 213 • 532 • 2000
Facsimile: 213 • 532 • 2020
peskenazi@HuntonAK.com

Walter J. Andrews
*(admitted pro hac vice)*
Andrea DeField
*(admitted pro hac vice)*
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2400
Miami, Florida 33131
Telephone: 305 • 810 • 2500
Facsimile: 305 • 810 • 2460
adefield@HuntonAK.com
wandrews@HuntonAK.com

Latosha M. Ellis
*(admitted pro hac vice)*
2200 Pennsylvania Avenue, N.W.
Washington, DC 20037
Telephone: 202 • 955 • 1500
Facsimile: 202 • 778 • 2201
lellis@HuntonAK.com

Attorneys for Plaintiff/Counter-Defendant
BOARDRIDERS, INC.

*Left margin (vertical):* **Hunton Andrews Kurth LLP** / 50 California Street, Suite 1700 / San Francisco, California 94111

# TABLE OF CONTENTS

NOTICE OF MOTION AND MOTION .................................................................... 1

TABLE OF CONTENTS.................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................i

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

INTRODUCTION ......................................................................................................... 1

FACTUAL BACKGROUND........................................................................................ 3

APPLICABLE LAW ..................................................................................................... 4

ARGUMENT ................................................................................................................. 4

    I.     The Court Should Strike Affirmative Defense Nos. 1-8, 11-25, and
           27-31 ................................................................................................................ 4

         A.    Several "Affirmative Defenses" Are Not Affirmative Defenses
                at All. They Should Be Stricken Without Leave to Amend. ........... 4

                1.    Attacks on Boardriders' Prima Facie Case Are Not
                        Affirmative Defenses.................................................................... 4

                2.    "Failure to State a Claim" is Not an Affirmative Defense.... 7

                3.    A Reservation to Assert More Affirmative Defenses is
                        Not an Affirmative Defense ................................................. 7

                4.    Assertions That Boardriders Fails to Allege a Claim for
                        Punitive Damages are Not Affirmative Defenses ................ 8

         B.    Several Affirmative Defenses Fail to Provide Fair Notice. They
                Should Be Stricken. ......................................................................... 9

                1.    Applicable Pleading Standard .............................................. 9

                2.    Affirmative Defenses That Are Mere Recitations of
                        Legal Doctrines or Statutes Are Insufficiently Pleaded
                        and Should Be Stricken ...................................................... 10

**Hunton Andrews Kurth LLP**
**50 California Street, Suite 1700**
**San Francisco, California 94111**

-i-

PLAINTIFF/COUNTER-DEFENDANT BOARDRIDERS, INC.'S NOTICE OF MOTION AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

|  |  | 3. | Affirmative Defenses That Merely Cite Policy Provisions, Without Explaining How or Why They Apply, Are Insufficiently Pleaded | 13 |
|  |  | 4. | GAIC Failed to Sufficiently Plead Failure of Conditions Precedent or Subsequent Under Fed. R. Civ. P. 9(c) | 14 |
|  | C. | | The Court Should Strike GAIC's Affirmative Defenses for Being Redundant Under Rule 12(f). | 15 |
|  | D. | | The Court Should Strike GAIC's Twenty-Eighth Affirmative Defense for Being Immaterial or Impertinent. | 16 |
| II. | | | A Prayer for Relief Should Be Stricken Where it is Redundant or Seeks Improper Relief | 16 |
| III. | | | GAIC's Footnotes and Exhibits Should Be Stricken | 18 |
|  | A. | | This Court has Authority to Strike GAIC's Footnotes and Exhibits under Rule 12(f). | 18 |
|  | B. | | GAIC's Use of Excessive Footnotes Violates the Federal Rules. | 20 |
|  | C. | | Boardriders Will Be Prejudiced if the Court Fails to Strike The Affirmative Defenses and Footnotes | 22 |
| IV. | | | GAIC Improperly Inserts New Allegations in its Responses to the Allegations in Boardriders' Complaint, and Such Responses Should Be Stricken for Failing to Comport with Federal Rule of Civil Procedure 8(b) | 24 |
| CONCLUSION | | | | 25 |

**Hunton Andrews Kurth LLP**
50 California Street, Suite 1700
San Francisco, California 94111

PLAINTIFF/COUNTER-DEFENDANT BOARDRIDERS, INC.'S NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ahmed v. HSBC Bank USA, Nat'l Ass'n*
  No. EDCV152057FMOSPX, 2017 WL 5720548 (C.D. Cal. Nov. 6,
  2017) ................................................................................................................ 8

*Audionics Sys., Inc. v. AAMP of Fla., Inc.*
  No. CV1210763MMMJEMX, 2013 WL 12129652 (C.D. Cal. Nov.
  19, 2013) .......................................................................................................... 9

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*
  718 F. Supp. 2d 1167 (N.D. Cal. 2010) ............................................ 7, 17, 23, 24

*Boldstar Tech., LLC v. Home Depot, Inc.*
  517 F. Supp. 2d 1283 (S.D. Fla. 2007) ............................................................ 7

*Bonshahi v. Fedex Corp.*
  No. C12-2471 TEH, 2012 WL 3638608 (N.D. Cal. Aug. 22, 2012) ............... 15, 23

*Bureau of Consumer Fin. Prot. v. Performance SLC, LLC*
  No. SACV2002132DOCDFM, 2021 WL 2982275 (C.D. Cal. Apr. 2,
  2021) ............................................................................................................ 5, 22

*Caldera v. J.M. Smucker Co.*
  No. CV 12-4936-GHK 2013 WL6987893 (C.D. Cal. Oct. 4, 2013) .................... 21

*California Dep't of Toxic Substances Control v. Alco Pac., Inc.*
  217 F. Supp. 2d 1028 (C.D. Cal. 2002) ...................................................... 17, 18, 20

*Campbell v. Tanton*
  No. 218CV0671KJMCKDP, 2021 WL 675313 (E.D. Cal. Feb. 22,
  2021) .............................................................................................................. 8

*Chowning v. Kohl's Dep't Stores, Inc.*
  No. CV1508673RGKSPX, 2016 WL 7655753 (C.D. Cal. Apr. 1,
  2016) .............................................................................................................. 6

*Control Data Corp. v. Int'l Bus. Machines Corp.*
  421 F.2d 323 (8th Cir. 1970) .......................................................................... 22

**Hunton Andrews Kurth LLP**
50 California Street, Suite 1700
San Francisco, California 94111

-i-

*DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*
   No. 12-CV-01454 BEN DHB, 2013 WL 4026366 (S.D. Cal. Aug. 6,
   2013) .................................................................................................... 8

*DeMarco v. DepoTech Corp.*
   8-CV-675-TW (POR), 1999 U.S. Dist. LEXIS 15321 (S.D. Cal. Sept.
   14, 1999) .............................................................................................. 21

*Fantasy, Inc. v. Fogerty*
   984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517
   (1994) ................................................................................. 4, 16, 22, 24

*Figueroa v. Islands Restaurants L.P.*
   No. CV 12-00766-RGK JCGX, 2012 WL 2373249 (C.D. Cal. June
   22, 2012) ............................................................................................... 6

*Gibson Brands, Inc. v. John Hornby Skewes & Co.*
   No. CV 14-00609 DDP SSX, 2014 WL 4187979 (C.D. Cal. Aug. 22,
   2014) .................................................................................................... 15

*Gibson Brands Inc. v. Viacom Int'l Inc.*
   No. CV1210870DDPAJWX, 2016 WL 8931305 (C.D. Cal. Sept. 29,
   2016) ...................................................................................................... 6

*Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*
   188 F. Supp. 3d 986 (E.D. Cal. 2016) .............................................. 9, 12

*Gonzalez v. Heritage Pac. Fin., LLC*
   No. 2:12-CV-01816-ODW, 2012 WL 3263749 (C.D. Cal. Aug. 8,
   2012) ...................................................................................................... 8

*Gottesman v. Santana*
   263 F. Supp. 3d 1034 (S.D. Cal. 2017) ................................................. 9

*Harris v. Chipotle Mexican Grill, Inc.*
   303 F.R.D. 625 (E.D. Cal. 2014) .......................................................... 23

*Hernandez v. Cty. of Monterey*
   306 F.R.D. 279 (N.D. Cal. 2015) ......................................................... 10

*In re Beef Indus. Antitrust Litig., MDL Docket No. 248*
   600 F.2d 1148 (5th Cir. 1979) ............................................................. 22

**Hunton Andrews Kurth LLP**
**50 California Street, Suite 1700**
**San Francisco, California 94111**

-ii-

*In-N-Out Burgers v. Smashburger IP Holder LLC*
   No. 8:17-CV-1474-JLS-DFM, 2018 WL 4959087 (C.D. Cal. Mar. 21,
   2018) (Staton, J.)........................................................................................... 10

*J & J Sports Prods., Inc. v. Montanez*
   No. 1:10-CV-01693-AWI, 2010 WL 5279907 (E.D. Cal. Dec. 13,
   2010) ............................................................................................................. 12

*J & J Sports Prods., Inc. v. Nguyen*
   No. 13-CV-02008-LHK, 2014 WL 60014 (N.D. Cal. Jan. 7, 2014)................ 15

*Kohler v. Flava Enterprises, Inc.*
   779 F.3d 1016 (9th Cir. 2015) ..................................................................... 10

*LF Centennial Ltd. v. Inovex Furnishings Corp.*
   No. CV1705824ABMRWX, 2017 WL 9486124 (C.D. Cal. Dec. 14,
   2017) ............................................................................................................... 9

*Lorenzen v. Arch Ins. Co.*
   No. 3:06-CV-0219-P, 2006 WL 8437697 (N.D. Tex. June 21, 2006)............... 7, 14

*LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*
   No. 20-CV-07905-WHO, 2021 WL 2953237 (N.D. Cal. July 14,
   2021) ............................................................................................................. 22

*Moss v. GEICO Indem. Co.*
   No. 5:10-CV-104-OC-10TBS, 2012 WL 882575 (M.D. Fla. Mar. 15,
   2012) ............................................................................................................. 14

*Nippon Sigmax Co., Ltd v. Kranos Corp.*
   No. 821CV00375DOCADSX, 2021 WL 2634823 (C.D. Cal. June 25,
   2021) ............................................................................................................... 9

*Out West Rest. Grp. Inc. v. Affiliated FM Ins. Co.*
   No. 20-CV-06786-TSH, 2020 WL 7122512 (N.D. Cal. Dec. 4, 2020) ................ 21

*Polk v. Legal Recovery L. Offs.*
   291 F.R.D. 485 (S.D. Cal. 2013) .................................................................. 11

*Purdy Lane, Inc. v. Scottsdale Ins. Co.*
   No. 20-80966-CIV, 2020 WL 6484129 (S.D. Fla. Aug. 20, 2020) ...................... 13

*Qarbon.com Inc. v. eHelp Corp.*
   315 F. Supp. 2d 1046 (N.D. Cal. 2004)........................................................ 12

-iii-

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

*Quintana v. Baca*
  233 F.R.D. 562 (C.D. Cal. 2005).................................................................... 4

*Rosario v. 11343 Penrose Inc.*
  No. 2:20-CV-04715-SB-RAO, 2020 WL 8812460 (C.D. Cal. Oct. 26,
  2020) ............................................................................................................... 7

*Rosen v. Masterpiece Mktg. Grp., LLC*
  222 F. Supp. 3d 793 (C.D. Cal. 2016)................................................... passim

*Singh v. Am. Honda Fin. Corp.*
  925 F.3d 1053 (9th Cir. 2019) ..................................................................... 22

*Slocum v. JPMorgan Chase Bank*
  No. SACV19620JVSKESX, 2019 WL 6873653 (C.D. Cal. July 8,
  2019) ......................................................................................................... 1, 23

*Solis v. Zenith Cap., LLC*
  No. C 08-4854 PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009)............... 8

*TSX Toys, Inc. v. 665, Inc.*
  No. EDCV1402400RGKDTBX, 2015 WL 12746211 (C.D. Cal. Sept.
  23, 2015) ........................................................................................................ 6

*Varrasso v. Barksdale*
  2016 WL 1375594 (S.D. Cal. Apr. 5, 2016) ........................................ 15, 16

*Verdiglione v. Mercado Del Rio Prop., LLC*
  No. SACV19490JVSDFMX, 2019 WL 6711700 (C.D. Cal. June 3,
  2019) ....................................................................................................... 22, 23

*Vogel v. Huntington Oaks Delaware Partners, LLC*
  291 F.R.D. 438 (C.D. Cal. 2013)......................................................... 1, 6, 7, 9

*Zivkovic v. S. California Edison Co.*
  302 F.3d 1080 (9th Cir. 2002) ...................................................................... 4

**FEDERAL RULES OF CIVIL PROCEDURE**

Rule 8(a)(2) .................................................................................... 1, 2, 21

Rule 8(b) ...................................................................................... 1, 3, 22, 24

Rule 8(b)(1) .................................................................................. 18, 22, 24

**Hunton Andrews Kurth LLP**
50 California Street, Suite 1700
San Francisco, California 94111

-iv-

Rule 9(c) ........................................................................................................ 14

Rule 10(b) ................................................................................... 1, 2, 20, 21

Rule 12(b)(6) ........................................................................................ 15, 17

Rule 12(f) .............................................................................................. passim

**CALIFORNIA RULES**

Local Rule 7.3 .................................................................................................. 1

Local Rule 11-3 ............................................................................................ 21

**ARTICLES & PUBLICATIONS**

BBC, January 31, 2020, https://www.bbc.com/news/world-australia-
    50951043 ................................................................................................ 19

Brisbane Times, December 17, 2019,
    https://www.brisbanetimes.com/au/national/queensland/emergency-
    declared-as-bushfire-rageson-central-queensland-coast-20191217-
    p53knn.html ....................................................................................... 18

CNN, October 13, 2019, https://www.cnn.com/2019/10/13/asia/typhoon-
    hagibis-japan-rugby-intl-hnk/index.html ..................................... 19

Deutsche Welle, November 28, 2019,
    https://www.dw.com/en/switzerland-tens-ofthousands-join-climate-
    march-ahead-of-election/a-50626988 .......................................... 19

Guardian, January 10, 2020,
    https://www.theguardian.com/news/datablog/2019/nov/21/how-
    australias-bushfires-spread-mapping-the-nsw-and-queensland-fires ..................... 19

Guardian, November 29, 2019,
    https://www.theguardian.com/environment/2019/nov/29/hundreds-of-
    thousands-of-students-join-global-climate-strikes ................................. 19

Japan Forward, October 15, 2019, https://japan-forward.com/japan-gears-
    up-for-long-lasting-effects-of-typhoon-hagibis-as-death-toll-rises-to-
    74/ ....................................................................................................... 19

**Hunton Andrews Kurth LLP**
50 California Street, Suite 1700
San Francisco, California 94111

-v-

1

NPR, November 11, 2019,
    https://www.npr.org/2019/11/11/778271273/australia-wildfires-
    stateof-emergency-declared-over-catastrophic-danger ........................................... 18

NPR, October 15, 2019,
    https://www.npr.org/2019/10/15/770224030/japan-drawson-
    emergecy-fund-to-pay-for-aftermath-of-typhoon ................................................... 19

ScienceMag, October 22, 2019,
    https://www.sciencemag.org/news/2019/10/deadly-typhoon-forces-
    japan-face-its-vulnerability-increasingly-powerful-storms .................................... 19

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Hunton Andrews Kurth LLP**
50 California Street, Suite 1700
San Francisco, California 94111

PLAINTIFF/COUNTER-DEFENDANT BOARDRIDERS, INC.'S NOTICE OF MOTION AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

"In state court, lawyers routinely file kitchen-sink affirmative defenses…In federal court, greater adherence to the rules is required. This sort of junk-pleading is unacceptable." *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (granting motion to strike).

This case is an insurance coverage action whereby Boardriders seeks coverage from its insurer, Defendant Great American Insurance Company ("GAIC"), for losses incurred as a result of a catastrophic 2019 ransomware attack that devastated Boardriders' global systems. Notwithstanding the fact that the breach of contract and declaratory relief claims pleaded by Boardriders present a fairly straightforward dispute over the quantum of loss owed, particularly in light of the fact that GAIC has previously admitted coverage and paid a portion of the loss due, GAIC now asserts ***thirty-one affirmative defenses***, as well as a counterclaim supported by ***twenty-one footnotes*** with external hyperlinks to over twenty-five unrelated news articles and reports – none of which mention Boardriders or have anything to do with this dispute.

### 1.  *The Court Should Strike Affirmative Defenses Nos. 1-8, 11-25, and 27-31*

Not surprisingly, many of the purported affirmative defenses are not affirmative defenses at all. Of those that remain, the majority that could constitute an "affirmative defense" are fatally deficient. *See Slocum v. JPMorgan Chase Bank*, No. SACV19620JVSKESX, 2019 WL 6873653, at *4 (C.D. Cal. July 8, 2019) (striking affirmative defenses that were "not tied to any factual allegations whatsoever"). GAIC fails to provide "fair notice" to Boardriders as to the nature of all of these affirmative defenses, as it fails to point to the existence of any facts at all, let alone provide even a hint as to how the purported defenses could apply here.

GAIC's "affirmative defenses" do not zealously reflect advocacy. Rather, they confound the real, straightforward issues of the case, needlessly enlarge discovery, and

increase the burden and expense of this litigation for a plaintiff insured who, due to GAIC's conduct, has still not been made whole by its insurance after the financial strain of a crippling, global cyber-attack.

### 2.  *The Court Should Strike GAIC's Affirmative Defenses "Prayer for Relief"*

Additionally, the prayer for relief following GAIC's Affirmative Defenses is improper because it conflates what should be a 12(b)(6) motion into a request for relief, is redundant to the prayer for relief in GAIC's Counterclaim, and improperly seeks attorneys' fees. These affirmative defenses and prayer for relief should be stricken.

### 3.  *The Court Should Strike GAIC's Footnotes and Exhibits*

GAIC's Counterclaim contains 21 separate single-spaced footnotes that incorporate 20 website addresses and at least 25 different third-party news articles or reports that are impertinent and immaterial, yet GAIC purports to cite them, improperly, as some sort of evidence. Several footnotes refer to attached exhibits on issues such as Chinese tariffs, Australian wildfires, and climate change marches; issues that are not material to the cyberattack insurance coverage dispute here.

While it remains unclear if GAIC's use of footnotes and exhibits sought to circumvent the optics of filing what likely would have been an over 50-page Counterclaim without footnotes, what is clear is that GAIC's excessive use of footnotes and exhibits violates this Court's Standing Order and Rules 8(a)(2), 10(b), and 12(f) of the Federal Rules of Civil Procedure. GAIC's excessive use of footnotes and immaterial exhibits severely prejudices Boardriders, because it would be unduly costly and burdensome to force Boardriders to conduct discovery on the unnecessary quagmire of information included in GAIC's footnotes and exhibits to determine which allegations GAIC truly believes are material to its claims against Boardriders.

### 4.  *The Court Should Strike Material Portions of GAIC's Answer*

Further, GAIC's Answer to Boardriders' Complaint goes beyond the substance of an admission or denial of Boardriders' allegations and instead improperly injects new

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

allegations in the Answer. In doing so, GAIC's responses fail to comport with Federal Rule of Civil Procedure 8(b). These responses should be stricken as well.

For the reasons discussed herein and to avoid significant prejudice to Boardriders, Boardriders respectfully requests that the Court strike Affirmative Defense Nos. 1-8, 11-25, and 27-31, the prayer for relief following the Affirmative Defenses, all of GAIC's footnotes and exhibits from its Counterclaim, and Paragraph Nos. 1, 22, 37-41, 47, 59, 69, 72, 79, and 92 of GAIC's Answer.

## FACTUAL BACKGROUND

GAIC issued a Corporate Protection Insurance policy to "Quiksilver, Inc. and all majority owned and/or controlled entities" for the policy period of January 15, 2017 to January 15, 2020 ("Policy").[1] The Policy expressly provides coverage, including Loss of Earnings coverage, for "Extortion," defined to include the cyber extortion. In October 2019, Boardriders suffered such an "Extortion," a RYUK ransomware attack that paralyzed global systems and significantly impacted Boardriders' ability to operate its business and stores normally for many weeks, including through the holiday season. Boardriders provided prompt notice of the Extortion to GAIC, per the Policy's terms.

After several substantial delays by GAIC, including a nearly eight-month delay between notice of the loss and GAIC's first substantive coverage communication, GAIC eventually admitted coverage for Business Interruption Loss under the Loss of Earnings coverage section and paid a large portion of Boardriders' covered business interruption losses. However, in December 2020, GAIC stopped paying. GAIC has since refused to pay the remaining amounts due, has manufactured numerous delays, sought to overburden its insured with countless unnecessary document demands (despite much of the information having already been provided to GAIC and despite GAIC's early investigation that was, by GAIC's admission, sufficient for it to pay several million dollars owed under the Policy), and has forced Boardriders to incur several hundred

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

---

[1] Quiksilver, Inc. was rebranded as Boardriders, Inc. in March 2017.

thousand dollars in uncovered attorneys' and accountants' fees to respond to GAIC's conduct. GAIC continues to delay, obfuscate, and manufacture defenses to further prevent payment owed under the terms of the Policy.

**APPLICABLE LAW**

Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). A motion to strike is properly granted "for the purpose of streamlining the ultimate resolution of the action" including for delay, and confusion of the issues. *Id.*

**ARGUMENT**

**I.    The Court Should Strike Affirmative Defense Nos. 1-8, 11-25, and 27-31.**

   **A.    SEVERAL "AFFIRMATIVE DEFENSES" ARE NOT AFFIRMATIVE DEFENSES AT ALL. THEY SHOULD BE STRICKEN WITHOUT LEAVE TO AMEND.**

First, several of GAIC's affirmative defenses should be stricken because they are simply not cognizable affirmative defenses. "A defense which demonstrates that plaintiff has not met its burden of proof is **not** an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (emphasis added). "Rather, a defense is an affirmative defense if it will defeat the plaintiff's claim even where the plaintiff has stated a prima facie case for recovery under the applicable law." *Quintana v. Baca*, 233 F.R.D. 562, 564 (C.D. Cal. 2005).

   **1.    *Attacks on Boardriders' Prima Facie Case Are Not Affirmative Defenses.***

Here, GAIC's Seventh, Eighth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth and Twenty-Fourth Affirmative Defenses should be stricken because they are

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

-4-

not affirmative defenses to begin with; rather, they simply attempt to negate elements of Boardriders' pleaded claims by alleging that GAIC did not act or fail to act as alleged. "Affirmative defenses that serve as nothing more than denials of the Plaintiff's claims are not affirmative defenses at all." *Bureau of Consumer Fin. Prot. v. Performance SLC, LLC*, No. SACV2002132DOCDFM, 2021 WL 2982275, at *2 (C.D. Cal. Apr. 2, 2021) (striking affirmative defense because it was a "negative defense"… and is therefore not a proper affirmative defense). GAIC states:

- <u>Seventh Affirmative Defense</u>: "Boardriders is barred from obtaining relief against GAIC because GAIC's conduct was at all times reasonable, proper, in good faith, and in compliance with applicable law."

- <u>Eighth Affirmative Defense</u>: "GAIC at no time breached any contractual or other legal duty owed to Boardriders."

- <u>Eleventh Affirmative Defense</u>: "Coverage under the Policy is barred or limited to the extent the amounts for which Boardriders seeks coverage were not sustained directly because of an "Insured Event" as that term is defined in the Policy."

- <u>Twelfth Affirmative Defense</u>: "Coverage under the Policy is barred or limited to the extent Boardriders seeks coverage for amounts that do not constitute 'Insured Losses' as that term is defined in the Policy."

- <u>Thirteenth Affirmative Defense</u>: "Coverage under the Policy is barred or limited to the extent Boardriders seeks coverage for amounts that do not constitute 'Business Interruption Loss' as that term is defined in the Policy."

- <u>Fourteenth Affirmative Defense</u>: "Coverage under the Policy is barred or limited to the extent Boardriders seeks coverage for amounts that do not result from the necessary interruption of business caused directly and solely by an Insured Event."

- <u>Fifteenth Affirmative Defense</u>: "Coverage under the Policy is barred or limited because Boardriders has not proven that the amounts it seeks coverage for resulted

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

-5-

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

1   from the necessary interruption of business caused directly and solely by an Insured

2   Event."

3   • Twenty-Fourth Affirmative Defense: "Boardriders cannot meet its burden of

4   proving any tortious breach of the implied covenant of good faith and fair dealing,

5   much less any proper basis for punitive damages, because GAIC at all times acted

6   reasonably in connection with the matters complained of in Boardriders' Complaint,

7   including but not limited to reasonably assessing coverage consistent with the

8   language of the Policy, available information, and applicable law."

9        "An attack on a plaintiff's case-in-chief is not an affirmative defense." *Vogel v.*

10  *Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013)

11  (*citing Zivkovic*, 302 F.3d at 1088). "None of the affirmative defenses discussed in this

12  section preclude liability in the event Plaintiff's prima facie case succeeds." *TSX Toys,*

13  *Inc. v. 665, Inc.*, No. EDCV1402400RGKDTBX, 2015 WL 12746211, at *9 (C.D. Cal.

14  Sept. 23, 2015).

15       Here, GAIC seeks to poke holes in Boardriders' allegations supporting its causes

16  of action and claimed damages. This is not the function of an affirmative defense.

17  Accordingly, these defenses are not true affirmative defenses and should be stricken

18  without leave to amend. *See Gibson Brands Inc. v. Viacom Int'l Inc.*, No.

19  CV1210870DDPAJWX, 2016 WL 8931305, at *3 (C.D. Cal. Sept. 29, 2016) (striking

20  "affirmative defenses" as invalid where defenses merely contradicted plaintiff's

21  allegations and required showing and prohibiting leave to amend those defenses);

22  *Chowning v. Kohl's Dep't Stores, Inc.*, No. CV1508673RGKSPX, 2016 WL 7655753,

23  at *3 (C.D. Cal. Apr. 1, 2016) (striking certain defenses with prejudice since the

24  "affirmative defenses" were merely "negative defenses"); *Figueroa v. Islands*

25  *Restaurants L.P.*, No. CV 12-00766-RGK JCGX, 2012 WL 2373249, at *2 (C.D. Cal.

26  June 22, 2012) (striking purported affirmative defenses of failure to state a claim and

27  that certain statutes did not apply, finding defenses to be "general denials" rather than

28

-6-

1   affirmative defenses); *accord Lorenzen v. Arch Ins. Co.*, No. 3:06-CV-0219-P, 2006

2   WL 8437697, at *4 (N.D. Tex. June 21, 2006) (striking affirmative defense that insurer

3   defendant "acted in good faith at all times" because "it does not plead a specific

4   affirmative defense. Instead, it is a denial of Plaintiffs' allegations.").

### 2.   *"Failure to State a Claim" is Not an Affirmative Defense.*

6   GAIC's Second Affirmative Defense states, "Boardriders' Complaint fails to

7   state a claim upon which relief may be granted." (ECF No. 23, Answer at 20:1-3). "But

8   failure to state a claim is not an affirmative defense; it is a defect in a plaintiff's claim

9   and not an additional set of facts that would bar recovery notwithstanding the plaintiff's

10  valid prima facie case." *Vogel*, 291 F.R.D. at 442. Accordingly, the purported

11  "affirmative defense" should be stricken without leave to amend. *See e.g. Rosen v.*

12  *Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 803 (C.D. Cal. 2016) (striking

13  failure to state a claim "affirmative defense" without leave to amend); *Barnes v. AT &*

14  *T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal.

15  2010) (same); *Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292

16  (S.D. Fla. 2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an

17  additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie

18  case. Therefore, it is not properly asserted as an affirmative defense."); *Rosario v. 11343*

19  *Penrose Inc.*, No. 2:20-CV-04715-SB-RAO, 2020 WL 8812460, at *11 (C.D. Cal. Oct.

20  26, 2020) (same).

### 3.   *A Reservation to Assert More Affirmative Defenses is Not an Affirmative Defense.*

23  GAIC's First Affirmative Defense, reserving its right to assert additional

24  defenses, must be stricken, too. *See e.g.*, *Vogel*, 291 F.R.D. at 442 ("Huntington's

25  twenty-sixth affirmative defense simply reserves the right to assert unspecified defenses

26  later. This is not a defense at all, affirmative or otherwise."). The purported affirmative

27  defense states:

28

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

-7-

GAIC affirmatively asserts any other matter constituting avoidance or affirmative defense under applicable law not asserted below, and GAIC reserves the right to assert additional defenses that may be revealed or become applicable during further investigation and discovery in this action.

(ECF No. 23, Answer at 19:23-26).

"This is not a defense of any kind." *Gonzalez v. Heritage Pac. Fin., LLC*, No. 2:12-CV-01816-ODW, 2012 WL 3263749, at *3 (C.D. Cal. Aug. 8, 2012) (striking, with prejudice, purported defense reserving rights to add affirmative defenses). Accordingly, the purported affirmative defense should be stricken. *See e.g. Id.; Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. EDCV152057FMOSPX, 2017 WL 5720548, at *3 (C.D. Cal. Nov. 6, 2017) (striking reservation of defenses without leave to amend); *Solis v. Zenith Cap., LLC*, No. C 08-4854 PJH, 2009 WL 1324051 (N.D. Cal. May 8, 2009) (striking reservation defense "with prejudice").

### 4. Assertions That Boardriders Fails to Allege a Claim for Punitive Damages are Not Affirmative Defenses.

"To the extent that the defense challenges the sufficiency of … allegations supporting the imposition of punitive damages, it is a denial rather than an affirmative defense." *DC Labs Inc. v. Celebrity Signatures Int'l, Inc.*, No. 12-CV-01454 BEN DHB, 2013 WL 4026366, at *6 (S.D. Cal. Aug. 6, 2013). Here, GAIC alleges in its Twenty-Fifth Affirmative Defense that "Boardriders' prayer for punitive damages is barred because GAIC did not act with malice, oppression, or fraud in connection with the matters complained of in Boardriders' Complaint." (ECF No. 23, Answer at 23:8-11). This is not an affirmative defense and should be stricken. *See e.g., Id.; Campbell v. Tanton*, No. 218CV0671KJMCKDP, 2021 WL 675313, at *3 (E.D. Cal. Feb. 22, 2021) (same).

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

-8-

**B.   SEVERAL AFFIRMATIVE DEFENSES FAIL TO PROVIDE FAIR NOTICE. THEY SHOULD BE STRICKEN.**

Fed. R. Civ. P. 12(f) allows the Court to "strike from a pleading an insufficient defense." An affirmative defense is "insufficiently pleaded where it fails to provide the plaintiff with fair notice of the defense asserted." *Vogel*, 291 F.R.D. at 440 (citing *Wyshak v. City Nat'l Bank,* 607 F.2d 824, 827 (9th Cir. 1979).

Many of GAIC's affirmative defenses are insufficiently pleaded, providing no fair notice to Boardriders as to the nature or basis of the purported defense. They should be stricken.

### 1.   Applicable Pleading Standard

In determining whether affirmative defenses are sufficiently pleaded, some courts in this District and in the Ninth Circuit apply the *Twombly* and *Iqbal* pleading standards to affirmative defenses.[2] If the *Twombly/Iqbal* plausibility standard applies here, nearly all of GAIC's affirmative defenses must be stricken because all are conclusory statements devoid of factual detail necessary to meet *Twombly* and *Iqbal's* substantive plausibility standard. *See e.g. Nippon Sigmax Co., Ltd v. Kranos Corp.*, No. 821CV00375DOCADSX, 2021 WL 2634823, at *5 (C.D. Cal. June 25, 2021) (applying the *Twombly*/*Iqbal* standard to analyze thirty-one affirmative defenses; striking all for being "conclusory statements" insufficient to satisfy the plausibility standard). For example, several of GAIC's purported affirmative defenses state that Boardriders'

---

[2] *See e.g., Gomez v. J. Jacobo Farm Lab. Contractor, Inc.,* 188 F. Supp. 3d 986, 991 (E.D. Cal. 2016) (collecting cases and examining split in the Ninth Circuit); *see also Vogel*, 291 F.R.D. at 440 (stating that the "majority of district courts in this Circuit, including the entire Northern District and this Court, has consistently applied *Twombly* and *Iqbal* to both claims and affirmative defenses"); *LF Centennial Ltd. v. Inovex Furnishings Corp.*, No. CV1705824ABMRWX, 2017 WL 9486124, at *5 (C.D. Cal. Dec. 14, 2017) (applying *Twombly*'s plausibility standard to affirmative defenses); *Gottesman v. Santana*, 263 F. Supp. 3d 1034, 1038 (S.D. Cal. 2017) (same); *Audionics Sys., Inc. v. AAMP of Fla., Inc.*, No. CV1210763MMMJEMX, 2013 WL 12129652, at *5 (C.D. Cal. Nov. 19, 2013) (same).

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

claims "***may***" be barred, in whole or in part, by a policy provision or unidentified law. Others assert Boardriders cannot recover "to the extent" a policy provision may be triggered. This language is "unnecessarily equivocal" and fails to "point to the existence of some identifiable fact that if applicable to [Boardriders] would make the affirmative defense plausible on its face." *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 285 (N.D. Cal. 2015).

We understand that "[t]his Court has repeatedly declined to apply the *Twombly*/*Iqbal* standard to affirmative defenses." *In-N-Out Burgers v. Smashburger IP Holder LLC*, No. 8:17-CV-1474-JLS-DFM, 2018 WL 4959087, at *2 (C.D. Cal. Mar. 21, 2018) (Staton, J.). Even so, while "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms[,]'" *Kohler v. Flava Enterprises, Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015), "affirmative defenses must be supported by at least some facts indicating the grounds on which the defense is based," *Rosen*, 222 F. Supp. 3d at 802, even if they need "not include facts sufficient to demonstrate plausible entitlement to relief." *Id.* Thus, even under the "fair notice" standard, GAIC's affirmative defenses must still be stricken as they are devoid of factual support necessary to provide notice to Boardriders of the grounds on which the defense is based.

> **2.   *Affirmative Defenses That Are Mere Recitations of Legal Doctrines or Statutes Are Insufficiently Pleaded and Should Be Stricken.***

Under the fair notice standard, the following affirmative defenses are insufficient because they merely refer to legal doctrines with no explanation for how the defense applies to the claims alleged in this case. They are insufficiently pleaded and should be

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

stricken because each fails to provide fair notice to Boardriders.[3] *See e.g.*, *Rosen,* 222 F. Supp. 3d at 804–05.

- <u>Third Affirmative Defense</u>: "Boardriders' claim may be barred or limited by the doctrines of estoppel and/or waiver." (ECF No. 23, Answer at 20:4-6).

- <u>Fourth Affirmative Defense</u>: "Boardriders is not entitled to recover based on the allegations in the Complaint to the extent Boardriders' claim is barred by the defense of unclean hands." (ECF No. 23, Answer at 20:7-10).

- <u>Fifth Affirmative Defense</u>: "Boardriders is not entitled to recover based on the allegations in the Complaint to the extent Boardriders' own actions or the actions of third parties were the sole cause of or contributed to Boardriders' damages, if any." (ECF No. 23, Answer at 20:11-14).

- <u>Sixth Affirmative Defense</u>: "Coverage under the Policy is excluded, in whole or in part, to the extent Boardriders failed to mitigate its damages." (ECF No. 23, Answer at 20:15-17).

- <u>Twenty-First Affirmative Defense</u>: "Boardriders' claims may be barred or limited by the doctrine of unjust enrichment." (ECF No. 23, Answer at 22:18-20).

- <u>Twenty-Second Affirmative Defense</u>: "Boardriders is precluded by law from obtaining a windfall or 'double recovery.'" (ECF No. 23, Answer at 22:21-23).

- <u>Twenty-Third Affirmative Defense</u>: "Boardriders is not entitled to recover from GAIC any attorneys' fees, costs, or expenses incurred in connection with this action." (ECF No. 23, Answer at 22:24-26).

---

[3] Further, if GAIC's Second Affirmative Defense (Failure to State a Claim) is considered by the Court to be an affirmative defense, *see* supra § I.A.2., then it similarly fails to provide fair notice to Boardriders of the basis for the defense. See *Polk v. Legal Recovery L. Offs.*, 291 F.R.D. 485, 490 (S.D. Cal. 2013). Similarly, GAIC's First Affirmative Defense, reserving rights to assert defenses, likewise fails to provide fair notice.

- **Twenty-Eighth Affirmative Defense**: "Coverage under the Policy is excluded, in whole or in part, to the extent Boardriders failed to satisfy its cooperation obligations under the Policy." (ECF No. 23, Answer at 23:23-25).

- **Twenty-Ninth Affirmative Defense**: Boardriders is not entitled to recover against GAIC based on the allegations in the Complaint to the extent Boardriders failed to comply with the terms, conditions, definitions, exclusions, and other provisions in the Policy or under applicable law. (ECF No. 23, Answer at 23:26-24:2).

- **Thirtieth Affirmative Defense**: "Boardriders' claims are barred, in whole or in part, by the common law, statutes, or insurance laws of the state whose law governs the interpretation, construction, and/or scope of the Policy." (ECF No. 23, Answer at 24:3-6).

- **Thirty-First Affirmative Defense**: "Coverage may be barred, in whole or in part, by public policy." (ECF No. 23, Answer at 24:7-8).

A defendant's singular reference to a doctrine or "identifying a category of misconduct, without explaining what the specific misconduct alleged was [or allegation that it did, in fact, occur], does not give fair notice of the grounds for the defense or explain how the defense might apply in this case." *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 994 (E.D. Cal. 2016) (applying fair notice standard; striking affirmative defenses devoid of "any factual allegation that would support any of those defenses"). "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice." *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (striking affirmative defenses for failing to provide "fair notice"); *J & J Sports Prods., Inc. v. Montanez*, No. 1:10-CV-01693-AWI, 2010 WL 5279907, at *3 (E.D. Cal. Dec. 13, 2010) (striking affirmative defenses of unclean hands and waiver).

In *Rosen*, the Court struck affirmative defenses where "[s]tanding alone, these defenses are mere recitations of legal doctrines devoid of any factual allegations, and

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

-12-

as such, they fail to provide 'fair notice' to Plaintiff." *Rosen*, 222 F. Supp. 3d at 804–05.

Similarly, here, GAIC has failed to assert what causes of action the purported affirmative defenses apply to, failed to allege a single fact in support, and failed to provide any other explanation as to why or how the purported affirmative defenses apply to the case here. For example, in GAIC's Twenty-Ninth Affirmative Defense, it fails to state which policy provision or "applicable law" may purportedly apply to limit coverage, and gives no indication of what jurisdiction's law GAIC asserts is "applicable." In its Thirtieth Affirmative Defense, GAIC fails to state which jurisdiction's "law, statutes, or insurance laws" apply to bar coverage, let alone which specific law, statutes, or "insurance laws" may apply.

This is not fair notice. Accordingly, the Court should strike GAIC's Third, Fourth, Fifth, Sixth, Twenty-First, Twenty-Second, Twenty-Third, Twenty-Eighth, Twenty-Ninth, Thirtieth and Thirty-First affirmative defenses.

### 3. *Affirmative Defenses That Merely Cite Policy Provisions, Without Explaining How or Why They Apply, Are Insufficiently Pleaded.*

Similarly, GAIC asserts several affirmative defenses stating that "[c]overage under the Policy is barred or limited to the extent" the losses sought do not fall under various cited policy provisions. *See* GAIC's Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Affirmative Defenses, discussed *supra*, and GAIC's Sixteenth Affirmative Defense ("Coverage under the Policy is barred or limited to the extent Boardriders seeks Loss of Earnings falling within the Policy's Waiting Period, outside the Policy's Limits of Liability for Loss of Earnings, or incurred after the Indemnity Period."). (ECF No. 23, Answer at 21:25-28).

If these are truly affirmative defenses rather than mere denials, *see Purdy Lane, Inc. v. Scottsdale Ins. Co.*, No. 20-80966-CIV, 2020 WL 6484129, at *3 (S.D. Fla. Aug. 20, 2020) (where "defenses claim that, to the extent damages are not covered by the

policy, Defendant is not liable for those damages[,] [t]hese are denials, not affirmative defenses."), the defenses lack sufficient factual detail to put Boardriders on fair notice of (1) whether GAIC is actually asserting the referenced policy provision as a defense to coverage for the claimed losses in this case; and (2) GAIC's factual basis for the defense and/or application of the cited provision to the losses at issue in this case. Because the defenses fail to provide fair notice, they should be stricken. *See e.g.*, *Moss v. GEICO Indem. Co.*, No. 5:10-CV-104-OC-10TBS, 2012 WL 882575, at *2 (M.D. Fla. Mar. 15, 2012) (striking insurer's affirmative defense to insured's bad faith claim: "each subpart of GEICO's second affirmative defense begins with the words "[t]o the extent." Absent specifics, which GEICO has not supplied, it is impossible to know whether any part of the second affirmative defense applies in this case.").

### 4.   *GAIC Failed to Sufficiently Plead Failure of Conditions Precedent or Subsequent Under Fed. R. Civ. P. 9(c).*

GAIC's duplicative Affirmative Defenses alleging failure to satisfy conditions are also improper. *See* GAIC's Eighteenth and Twenty-Seventh Affirmative Defenses. (ECF No. 23, Answer at 22:5-8, 23:18-22). Although a party may plead generally the occurrence or performance of all conditions precedent, a denial of such performance or occurrence must be made "with particularity." Fed. R. Civ. P. 9(c); *see also, e.g. Lorenzen*, 2006 WL 8437697, at *3 (striking insurer's affirmative defenses of "fail[ure] to comply with conditions…" and "fail[ure] 'to comply with any conditions precedent and/or subsequent'" as insufficient where they failed to meet the heightened Fed. R. Civ. P. 9(c)).

GAIC vaguely alleges that Boardriders has failed to somehow satisfy a "condition precedent" of the insurance policy – this is not pleading with "particularity" as required under Rule (9)(c). These defenses fail to provide fair notice of the nature and grounds for the affirmative defense, including what the conditions precedent and conditions subsequent are, let alone what, if any, of Boardriders purported actions or

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

-14-

omissions GAIC believes trigger application of those unknown conditions. These defenses should be stricken. *See e.g.*, *Varrasso v. Barksdale*, No. 13-CV-1982-BAS-JLB, 2016 WL 1375594, at *3 (S.D. Cal. Apr. 5, 2016) (granting motion to strike affirmative defenses for failing to provide fair notice where the defenses alleged nonperformance of conditions precedent and subsequent where the defendant failed to allege what those conditions are); *Bonshahi v. Fedex Corp.*, No. C12-2471 TEH, 2012 WL 3638608, at *4 (N.D. Cal. Aug. 22, 2012); (striking affirmative defenses because "Defendants identify no 'appropriate remedies' Plaintiff must exhaust or 'conditions precedent.'").

## C. THE COURT SHOULD STRIKE GAIC'S AFFIRMATIVE DEFENSES FOR BEING REDUNDANT UNDER RULE 12(F).

The Court should also strike GAIC's Sixth, Seventh, Eighth, Eleventh, Twelfth, Thirteenth, Fourteenth, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-Seventh, Twenty-Eighth, and Twenty-Ninth Affirmative Defenses for being redundant. (ECF No. 23, Answer at 20:15-24, 21:5-22:17, 23:18-24:2).

Redundant defenses are those that are "needlessly repetitive or wholly foreign to the issues involved in the action." *J & J Sports Prods., Inc. v. Nguyen*, No. 13-CV-02008-LHK, 2014 WL 60014, at *8 (N.D. Cal. Jan. 7, 2014). "To the extent that [the defendant] restates negative defenses that exist in other parts of the complaint, those defenses are redundant pursuant to Rule 12(f) and should be struck so as to simplify and streamline the litigation." *Gibson Brands, Inc. v. John Hornby Skewes & Co.*, No. CV 14-00609 DDP SSX, 2014 WL 4187979, at *6 (C.D. Cal. Aug. 22, 2014) (quoting *Barnes*, 718 F. Supp. 2d 1167 at 1174; granting plaintiff's motion to strike "redundant" defenses under Rule 12(f) because the defenses repeated denials in other parts of the answer).

Most of these affirmative defenses assert that coverage is purportedly excluded or otherwise precluded or limited by the insurance policy's terms and conditions (i.e.,

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

they almost all begin with "Coverage under the Policy is barred" or "Coverage under the Policy is excluded ..."). They needlessly repeat GAIC's denials in its Answer to Boardriders' affirmative allegations in the Complaint and/or additional allegations asserted in GAIC's counterclaims. Further, many of these affirmative defenses are duplicative of each other, further demonstrating GAIC's shotgun approach to pleading. The affirmative defenses are redundant and duplicative, and therefore should be stricken from GAIC's Answer. *See e.g.*, *Varrasso,* 2016 WL 1375594, at *3 (striking affirmative defenses where they are duplicative of other affirmative defenses).

### D. THE COURT SHOULD STRIKE GAIC'S TWENTY-EIGHTH AFFIRMATIVE DEFENSE FOR BEING IMMATERIAL OR IMPERTINENT.

Under Rule 12(f), the Court may also strike material that is immaterial or impertinent. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc.,* 984 F.2d at 1527. "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Id.* GAIC's Twenty-Eighth Affirmative Defense states that "Coverage under the Policy is excluded, in whole or in part, to the extent Boardriders failed to satisfy its cooperation obligations under the Policy." (ECF No. 23, Answer at 23:23-25). However, the Policy does not mention "cooperation" once, nor does it have any provision that could be reasonably construed as a "cooperation obligation." Thus, the purported defense has no relationship to the insurance policy at issue in this breach of contract and declaratory action and should be stricken.

### II. A Prayer for Relief Should Be Stricken Where it is Redundant or Seeks Improper Relief

Under Fed. R. Civ. P. 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Following its affirmative defenses, GAIC adds a prayer for relief, beginning

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

1   with "WHEREFORE, GAIC prays for judgment as follows[.]" (ECF No. 23, Answer at

2   24:10-14). The prayer should be stricken for at least three separate reasons.

3       First, GAIC concurrently files a counterclaim, asserting a prayer for relief a

4   second time.  (ECF No. 23, Countercl. at 48:9-24). To do so twice is redundant and

5   unnecessary. As such, the Court has reason to strike the prayer for relief following

6   GAIC's affirmative defenses on this basis alone.

7       Second, GAIC improperly "prays for judgment . . . [t]hat Boardriders' Complaint

8   be dismissed in its entirety with prejudice." (ECF No. 23, Answer at 24:10-11). A

9   request for this type of relief following affirmative defenses is improper. *See Barnes*,

10  718 F. Supp. 2d at 1174 (holding that a failure to state a claim under Rule 12(b)(6) is

11  more properly brought as a motion and not an affirmative defense). Similar to *Barnes*,

12  here, GAIC tries to characterize a 12(b)(6) motion as requested relief following its

13  affirmative defenses. If GAIC wanted to obtain a dismissal of Boardriders' claims, it

14  should have filed a 12(b)(6) motion.

15      Third, GAIC seeks relief that it is not entitled to. For example, GAIC seeks

16  attorneys' fees, which are generally not awarded to prevailing defendants. *See*

17  *California Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028,

18  1045 (C.D. Cal. 2002) (stating that "[c]ourts do not generally award fees to prevailing

19  defendants in the absence of a statutory or contractual fee-shifting provision").  Because

20  parties are typically not entitled to such relief except for extenuating circumstances, the

21  request for relief is subject to be stricken. *Id*. at 1048 (granting plaintiff's motion to

22  strike the attorneys' fees prayers found in defendants' answer). Assuming *arguendo* that

23  the entire prayer is not stricken, which it should be, at the very least, GAIC's request

24  for attorneys' fees should be stricken.

25      Accordingly, Boardriders' requests that the Court strike GAIC's prayer for relief

26  that follows its affirmative defenses.  (ECF No. 23, Countercl. at 48:9-24).

27

28

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

-17-

## III.   GAIC's Footnotes and Exhibits Should Be Stricken

GAIC's Counterclaim impermissibly contains 21 separate single-spaced footnotes that incorporate over 20 website addresses and at least 25 different third-party news articles or reports it claims describe "external/market forces" that caused Boardriders' losses—instead of the devastating ransomware attack, a covered "Extortion" under the Policy which GAIC does not dispute occurred and is covered. GAIC's footnotes and exhibits contain information immaterial and impertinent to Boardriders' ransomware attack and thus should be stricken.

### A.   THIS COURT HAS AUTHORITY TO STRIKE GAIC'S FOOTNOTES AND EXHIBITS UNDER RULE 12(F).

Rule 12(f) of the Federal Rules allows this Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). GAIC's Counterclaim and use of excessive footnotes violates Rule 12 of the Federal Rules. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded .... 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *California Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1032.

While it would be difficult, and burdensome to the Court, for Boardriders to compile a list of each of GAIC's immaterial and impertinent factual allegations from the 20 website addresses and 25 (or more) different third-party news articles or reports in the Counterclaim and Exhibits, a few examples include the following:

- Footnote 16 citation to "*Australia Wildfires: State of Emergency Declared Over 'Catastrophic' Danger*," NPR, November 11, 2019, https://www.npr.org/2019/11/11/778271273/australia-wildfires-stateof-emergency-declared-over-catastrophic-danger; "*Emergency declared as bushfire rages on central Queensland coast*," Brisbane Times, December 17, 2019, https://www.brisbanetimes.com.au/au/national/queensland/emergency-declared-as-

-18-

PLAINTIFF/COUNTER-DEFENDANT BOARDRIDERS, INC.'S NOTICE OF MOTION AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

1  bushfire-rageson-central-queensland-coast-20191217-p53knn.html; "*How*
2  *Australia's bushfires spread: mapping the east coast fires,*" The Guardian, January
3  10, 2020, https://www.theguardian.com/news/datablog/2019/nov/21/how-
4  australias-bushfires-spread-mapping-the-nsw-and-queensland-fires; "*Australia*
5  *fires: A visual guide to the bushfire crisis,*" BBC, January 31, 2020,
6  https://www.bbc.com/news/world-australia-50951043. (ECF No. 23, Countercl. at
7  42:15-20);

8  • Footnote 17 citation to "*Recovery begins as Japan's Typhoon Hagibis leaves trail*
9  *of death and destruction,*" CNN, October 13, 2019,
10  https://www.cnn.com/2019/10/13/asia/typhoon-hagibis-japan-rugby-intl-
11  hnk/index.html; "*Japan's Prime Minister Wars Of 'Prolonged' Effects of Typhoon*
12  *Hagibis' Destruction,*" NPR, October 15, 2019,
13  https://www.npr.org/2019/10/15/770224030/japan-drawson-emergecy-fund-to-
14  pay-for-aftermath-of-typhoon; "*Japan Gears Up for Long-Lasting Effects of*
15  *Typhoon Hagibis, As Death Toll Rises to 74,*" Japan Forward, October 15, 2019,
16  https://japan-forward.com/japan-gears-up-for-long-lasting-effects-of-typhoon-
17  hagibis-as-death-toll-rises-to-74/; "*Deadly typhoon forces Japan to face its*
18  *vulnerability to increasingly powerful storms,*" ScienceMag, October 22, 2019,
19  https://www.sciencemag.org/news/2019/10/deadly-typhoon-forces-japan-face-its-
20  vulnerability-increasingly-powerful-storms; (ECF No. 23, Countercl. at 42:21-26);
21  and

22  • Footnote 19 citation to "*Hundreds of thousands of students join global climate*
23  *strikes,*" The Guardian, November 29, 2019,
24  https://www.theguardian.com/environment/2019/nov/29/hundreds-of-thousands-
25  of-students-join-global-climate-strikes; "*Switzerland: Tens of thousands join*
26  *climate march ahead of election,*" Deutsche Welle, November 28, 2019,

27
28

-19-

https://www.dw.com/en/switzerland-tens-ofthousands-join-climate-march-ahead-of-election/a-50626988. (ECF No. 23, Countercl. at 43:21-24).

- Exhibit 3: GAIC describes Exhibit 3 as a "collection of articles."

GAIC's footnotes, ranging from a highway collapse in Italy to student protests about climate change, do not pertain to the issues in question, are not essential to GAIC's claims for relief against Boardriders (seeking declaratory relief and repayment of insurance benefits paid without reservation of a right to repayment), and have no possible bearing upon the parties' insurance dispute. Further, GAIC's Exhibit 3 – a collection of articles about the influence of COVID-19 on global markets and Exhibits 1 and 2 – concerning America tariffs on Chinese products, are irrelevant to this insurance dispute.

If anything, GAIC's footnotes and exhibits unnecessarily complicate the issues between the parties – particularly since GAIC has already accepted coverage for the Cyber Incident – and could potentially "cause the trier of fact to draw 'unwarranted' inferences at trial" that could prejudice Boardriders. See *California Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1033 (finding that the possibility that issues will be unnecessarily complicated or cause the trier of fact to draw "unwarranted" inferences at trial is the type of prejudice that is sufficient to support the granting of a motion to strike).

## B. GAIC'S USE OF EXCESSIVE FOOTNOTES VIOLATES THE FEDERAL RULES.

Presumably, GAIC's excessive footnotes and exhibits (referenced in the footnotes) are intended to support GAIC's outlandish allegations in the numbered paragraphs of the Counterclaim. This type of evidence pleading, however, does not comport with Rule 10(b). Rule 10(b) of the Federal Rules directs that "[a] party must state its claims or defenses in *numbered paragraphs*, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b) (emphasis added). GAIC, in

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

1    violation of Rule 10(b), has alleged facts and stated claims – and evidence – in footnotes
2    and through exhibits, instead of numbered paragraphs. "[E]vidence pleading, as
3    distinguished from the pleading of ultimate facts, is not favored under the Federal
4    Rules." *Out West Rest. Grp. Inc. v. Affiliated FM Ins. Co.*, No. 20-CV-06786-TSH,
5    2020 WL 7122512, at *3 (N.D. Cal. Dec. 4, 2020) (citing *In re Beef Indus. Antitrust*
6    *Litig., MDL Docket No. 248*, 600 F.2d 1148, 1169 (5th Cir. 1979) complaint with leave
7    to amend to remove the footnotes and comply with Fed. R. Civ. P. 10's requirement
8    that claims or defenses be stated in numbered paragraphs").

9        GAIC's footnotes and referenced exhibits also fail to meet the Rule 8(a)(2)
10   standard of pleading "a short and plain statement of the claim showing that the pleader
11   is entitled to relief" as with them, GAIC's allegations vary from a half million person
12   march in Madrid, Spain about climate change to the president of France's plans to
13   reevaluate pension reform. Requiring Boardriders to spend hours reviewing all of this
14   immaterial and impertinent information—including fact checking the third-party
15   websites, congressional testimony, and articles to respond to and conduct discovery on
16   these allegations—is patently unfair and unduly burdensome. The Rules were designed
17   to avoid just this sort of conduct.[4]

18       California courts, including this district, routinely warn litigants about the
19   excessive use of footnotes. *See id.*; *Caldera v. J.M. Smucker Co.*, No. CV 12-4936-
20   GHK (VBKx) 2013 WL6987893, *1 (C.D. Cal. Oct. 4, 2013) (striking defendant's
21   opposition from the record and ordering defendant to refile opposition brief without
22   footnotes); *DeMarco v. DepoTech Corp.*, No. 98-CV-675-TW (POR), 1999 U.S. Dist.
23   LEXIS 15321, *1 (S.D. Cal. Sept. 14, 1999) (striking party's reply memorandum for

---

[4] Local Rule 11-3 requires the font used "be standard (e.g., non-condensed) 14-point or larger, or as the Court may otherwise order." It appears that GAIC's footnotes are 12-point typeface or smaller. GAIC did not request leave to file its Counterclaim using a font size smaller than 14-point. Thus, the footnotes in GAIC's Counterclaim do not comply with this Court's Standing Order and should be struck from the Court's record.

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

excessive use of single-spaced footnotes); *see also Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, n.23 (9th Cir. 2019) ("In light of Singh's extensive use of footnotes, the district court was well within its discretion to strike three pages from his brief.").

Many courts have properly stricken unnecessary evidentiary detail from pleadings; as such detail need not be pleaded. *In re Beef Indus. Antitrust Litig.*, 600 F.2d at 1169; *Control Data Corp. v. Int'l Bus. Machines Corp.*, 421 F.2d 323, 326 (8th Cir. 1970) (striking unnecessary evidential detail from a pleading and stating, "[i]t has long been basic to good pleading that evidentiary matters be deleted"). Like those courts, this court should reject GAIC's attempt to plead evidence and strike all of GAIC's footnotes from the Counterclaim.

## C. BOARDRIDERS WILL BE PREJUDICED IF THE COURT FAILS TO STRIKE THE AFFIRMATIVE DEFENSES AND FOOTNOTES

The Court should "properly grant the motion to strike for the purpose of streamlining the ultimate resolution of the action...." *Fantasy, Inc.,* 984 F.2d at 1528. Courts differ on whether a movant must show prejudice in support of a motion to strike affirmative defenses, indeed for many, "[g]ranting a motion to strike under Rule 12(f) does not turn on whether the moving party can show prejudice if the pleading itself is insufficient under Rule 8(b)." *LumaSense Techs., Inc. v. Advanced Eng'g Servs., LLC*, No. 20-CV-07905-WHO, 2021 WL 2953237, at *5 (N.D. Cal. July 14, 2021).

In any event, "the prospect of expensive and potentially unnecessary and irrelevant discovery is more than sufficient prejudice to justify a motion to strike." *Bureau of Consumer Financial Protection*, 2021 WL 2982275, at *3; *accord Verdiglione v. Mercado Del Rio Prop., LLC*, No. SACV19490JVSDFMX, 2019 WL 6711700, at *5 (C.D. Cal. June 3, 2019) (same). The potential for the "cascading inefficiency of researching redundant matters" is also prejudicial. *LumaSense Technologies, Inc.*, 2021 WL 2953237, at *5.

Striking GAIC's affirmative defenses will avoid discovery fishing expeditions to determine whether GAIC's equivocal defenses "may" apply and the purported grounds GAIC may have to avoid coverage based on unarticulated policy provisions, "conditions," and "laws." Striking GAIC's affirmative defenses will also prevent GAIC from trying to hide behind an insufficiently pleaded affirmative defense to engage in a fishing expedition designed to try and drum up additional ways to belatedly try to avoid coverage.

Here, "[p]rohibiting the defendant from asserting factually insufficient affirmative defenses saves time, money, and judicial resources." *Verdiglione*, 2019 WL 6711700, at *5; *see also Slocum*, 2019 WL 6873653, at *5 (same); *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 628 (E.D. Cal. 2014) (prejudice is found "where superfluous pleadings may confuse the jury, or where a party may be required to engage in burdensome discovery around frivolous matters.") (*quoting J & J Sports Prods., Inc. v. Luhn*, No. 2:10-CV-03229 JAM, 2011 WL 5040709, at *1 (E.D. Cal. Oct. 24, 2011)); *Bonshahi*, 2012 WL 3638608, at *2 ("[T]he burden of conducting discovery regarding irrelevant and unsustainable affirmative defenses constitutes … prejudice.").

Just as the Court explained in *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,* "[i]f the court were to permit legally unsustainable affirmative defenses to survive, [plaintiff] would be required to conduct expensive and potentially unnecessary and irrelevant discovery." 718 F. Supp. 2d 1167, 1173 (N.D. Cal. 2010). Any argument by GAIC "regarding prejudice cannot rescue its otherwise legally insufficient affirmative defenses." *Id.*

Similarly, it would be highly prejudicial and unduly costly and burdensome to force Boardriders to conduct discovery on the far-reaching information GAIC includes in its 21 separate single-spaced footnotes that incorporate 20 website addresses and at least 25 different third-party news articles or reports to determine which allegations

GAIC truly believes are material and pertinent to its claims against Boardriders. The Court should strike GAIC's footnotes from the record.

## IV. GAIC Improperly Inserts New Allegations in its Responses to the Allegations in Boardriders' Complaint, and Such Responses Should Be Stricken for Failing to Comport with Federal Rule of Civil Procedure 8(b)

Portions of GAIC's Answer were not filed in conformity with Rule 8(b) of the Federal Rules and therefore must be stricken. Under Fed. R. Civ. P. 8(b)(1), a party must respond to a pleading with admissions or denials that: "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1); *see also Barnes*, 718 F. Supp. 2d at 1170 (stating that "Federal Rule of Civil Procedure 8(b) requires that "[i]n responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party."). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). In other words, a party should not stray from the substance of the allegations in the Complaint.

This notion is bolstered by Rule 12(f) of the Federal Rules, which permit a Court to strike "impertinent" material. Fed. R. Civ. P. 12(f). "Impertinent" has been defined as allegations that are not responsive. *See Fantasy, Inc.,* 984 F.2d at 1527. ("'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question.").

Based on the foregoing, the Court should strike Paragraph Nos. 1, 22, 37-41, 47, 59, 69, 72, 79, and 92 of GAIC's Answer. As an initial matter, none of the responses are stated in short and plain terms as required by Rule (b)(1)(A). They are elaborate and confusing. Furthermore, they all go beyond simply admitting or denying the allegations in the Complaint. In doing so, the responses fail to respond to the substance of the

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

-24-

Hunton Andrews Kurth LLP
50 California Street, Suite 1700
San Francisco, California 94111

allegations, but instead are chock-full of extraneous commentary that is unresponsive to the allegations.

For example, Paragraph No. 1 of the Complaint simply alleged that "[t]his a civil action about GAIC's continued refusal to pay Boardriders' covered losses resulting from an October 2019 ransomware attack." (ECF No. 1, Compl. at 2:4-5)  In response, GAIC mentions overpaying millions of dollars, information that is not only inaccurate, but also unresponsive to the Complaint's allegation. (ECF No. 23, Answer at 1:9-12). In GAIC's response to Paragraph No. 79 of the Complaint, it mentions having made "prior significant payments toward Boardriders' claimed BI Loss and IT Costs." (ECF No. 23, Answer at 14:6-10). However, Boardriders' corresponding allegation in the Complaint does not concern the history of prior payments. (ECF No. 1, Compl. at 16:20-22). A closer look at the responses in GAIC's Answer reveals additional unnecessary information that was not part of the substance of the Complaint's allegations.

GAIC's Answer attempts to inject new allegations that are unresponsive to the allegations in the Complaint. This does not comport with the requirements under the Federal Rules of Civil Procedure. Therefore, Paragraph Nos. 1, 22, 37-41, 47, 59, 69, 72, 79, and 92 of GAIC's Answer should be stricken.

## CONCLUSION

Accordingly, Boardriders respectfully requests that the Court grant this motion and strike Paragraph Nos. 1, 22, 37-41, 47, 59, 69, 72, 79, and 92 in GAIC's Answer (ECF No. 23), Affirmative Defense Nos. 1-8, 11-25, and 27-31 pled in GAIC's Answer (ECF No. 23), all footnotes pleaded in GAIC's Counterclaim (ECF No. 23), and GAIC's exhibits to its Counterclaim (Exhibits 1-3 attached to the Answer and Counterclaim as ECF Nos. 23-1, 23-2, 23-3).

1    Dated:  October 18, 2021                    HUNTON ANDREWS KURTH LLP

2                                                By: /s/ *Scott P. Devries*

3                                                    Scott P. DeVries
                                                     (State Bar No. 88221)
4                                                    50 California Street, Suite 1700
                                                     San Francisco, California 94111
5                                                    Telephone: 415 • 975 • 3700
                                                     Facsimile: 415 • 975 • 3701
6                                                    sdevries@HuntonAK.com
7
8                                                    Phillip J. Eskenazi
                                                     (State Bar No. 158976)
9                                                    550 South Hope Street, Suite 2000
10                                                   Los Angeles, California 90071
                                                     Telephone: 213 • 532 • 2000
11                                                   Facsimile: 213 • 532 • 2020
12                                                   peskenazi@HuntonAK.com
                                                     Walter J. Andrews
13                                                   *(admitted pro hac vice)*
14                                                   Andrea DeField
                                                     *(admitted pro hac vice)*
15                                                   Wells Fargo Center
16                                                   333 S.E. 2nd Avenue, Suite 2400
                                                     Miami, Florida 33131
17                                                   Telephone: 305 • 810 • 2500
18                                                   Facsimile: 305 • 810 • 2460
                                                     adefield@HuntonAK.com
19                                                   wandrews@HuntonAK.com
20
21                                                   Latosha M. Ellis
                                                     *(admitted pro hac vice)*
22                                                   2200 Pennsylvania Avenue, N.W.
                                                     Washington, DC 20037
23                                                   Telephone: 202 • 955 • 1500
24                                                   Facsimile: 202 • 778 • 2201
                                                     lellis@HuntonAK.com
25
26                                                   Attorneys for Plaintiff/Counter-
                                                     Defendant
27                                                   BOARDRIDERS, INC.
28